**Daniela Otilia ZUGRAV, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 05–76743.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Oct. 1, 2007.

Adam Kimmell, Portland, OR, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of the District Counsel, Department of Homeland Security, Portland, OR, Manuel A. Palau, S. Nicole Nardone, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Daniela Otilia Zugrav, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' decision that summarily affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination because Zugrav's testimony was internally inconsistent and inconsistent with her asylum application regarding her encounter with police during the 2002 protest. *See id.* Likewise, her testimony was inconsistent with her asylum application regarding the harm she experienced at the police station in August of 2001 and regarding the complaint filed against the police. *See id.*

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Zugrav failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Zugrav's CAT claim is based on the same testimony that the IJ found not credible, and because she points to no other evidence that the IJ should have considered in making its CAT determination, substantial evidence supports the IJ's denial of CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.